UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

LARRY J. NIELD,

          Defendant.

No. CR-05-162-FVS-5

ORDER

**THIS MATTER** comes before the Court based upon the defendant's motion to vacate the judgment. He is representing himself.

**BACKGROUND**

On August 31, 2006, judgment was entered based upon the defendant's plea of guilty to the crime of conspiring to manufacture marijuana. 21 U.S.C. § 846. The defendant moves to vacate the judgment. 28 U.S.C. § 2255. In essence, he alleges that the government violated the International Covenant on Civil and Political Rights ("ICCPR") by prosecuting him and that the Court did not have jurisdiction.

**RULING**

The defendant's allegations lack merit. To begin with, "the ICCPR does not create judicially-enforceable individual rights." *United States v. Duarte-Acero*, 296 F.3d 1277, 1283 (11th Cir.), *cert. denied*, 537 U.S. 1038, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002). Furthermore, jurisdiction and venue are well established. A district court has subject matter jurisdiction over federal crimes. 18 U.S.C. § 3231. *Cf. United States v. Lee*, 472 U.S. 638, 641-42 (9th Cir.2006)

ORDER - 1

("Congress vested district courts of the United States with jurisdiction to prosecute federal crimes"). The Eastern District of Washington is a "district court of the United States." 28 U.S.C. §§ 128(a), 132, 451. The defendant was charged with a federal crime. Therefore, subject matter jurisdiction existed. "[A] court has exclusive personal jurisdiction over any party who appears before it, regardless of how that appearance was effected." *United States v. Warren*, 610 F.2d 680, 684 n.8 (9th Cir.1980) (citing *United States v. Zammiello*, 432 F.2d 72, 73 (9th Cir.1970)). The defendant appeared in the United States District Court for the Eastern District of Washington. Therefore, personal jurisdiction existed. Finally, "[v]enue for a conspiracy charge 'is appropriate in any district where an overt act committed in the course of the conspiracy occurred.'" *United States v. Corona*, 34 F.3d 876, 878-91 (9th Cir.1994) (quoting *United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir.1988)). In pleading guilty, the defendant admitted facts sufficient to establish venue.

**IT IS HEREBY ORDERED:**

1. The defendant's motion to show cause (**Ct. Rec. 421**) is denied.

2. The defendant's motion to vacate (**Ct. Rec. 419**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this ___16th___ day of October, 2007.

                      s/ Fred Van Sickle
                      Fred Van Sickle
              United States District Judge

ORDER - 2